1

2

3

4

5                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
6

7  COLLETTE DENISE CAIN,           )
                                   )   No. CV-10-3099-CI
8           Plaintiff,             )
                                   )   ORDER GRANTING PLAINTIFF'S
9  v.                              )   MOTION FOR SUMMARY JUDGMENT
                                   )   AND REMANDING THE MATTER TO
10 MICHAEL J. ASTRUE, Commissioner )   THE COMMISSIONER FOR
   of Social Security,             )   ADDITIONAL PROCEEDINGS
11                                 )
            Defendant.             )
12 _____)

13      BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF

14 No. 20, 30.)  Attorney Thomas Bothwell represents Collette Cain

15 (Plaintiff); Special Assistant United States Attorney Debra J.

16 Meachum represents the Commissioner of Social Security (Defendant).

17 The parties have consented to proceed before a magistrate judge.

18 (ECF No. 6.)  After reviewing the administrative record and briefs

19 filed by the parties, the court **GRANTS** Plaintiff's Motion for

20 Summary Judgment, and remands the matter to the Commissioner for

21 additional proceedings pursuant 42 U.S.C. § 405(g).

22                              **JURISDICTION**

23      Plaintiff filed for disability insurance benefits (DIB) on

24 September 6, 2007, and for Supplemental Security Income (SSI) on

25 September 14, 2007.  (Tr. 9, 154.)  She alleged disability due to

26 depression, anxiety, congenital pancreatic divisum, and epilepsy,

27 with an onset date of September 10, 2007.  (Tr. 159.)  Benefits were

28

denied initially and on reconsideration.  Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Marie Palachuk on February 9, 2010.  (Tr. 36-75.) Plaintiff, who was represented by counsel, appeared and testified. In addition, medical experts Donna M. Veraldi, Ph.D., and Arvin J. Klein, M.D., and vocational expert Scott A. Whitmer testified.  (Tr. 112-17.)  The ALJ denied benefits on March 4, 2009, and the Appeals Council denied review.  (Tr. 1-5, 6-27.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 3

1   *Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

2   **STATEMENT OF THE CASE**

3   At the time of the hearing, Plaintiff was 38 years old,
4   unmarried without children, and living with her mother. (Tr. 43.)
5   Plaintiff testified she had a high school diploma (GED), vocational
6   certification as an auto technician, and work experience as a
7   cashier, receptionist, auto mechanic, janitor, fryer person, and
8   veterinarian technician. (Tr. 57, 66, 425.) Plaintiff has a
9   history of health problems due to a congenital pancreatic defect and
10  a seizure disorder. (Tr. 59.) She testified she was last employed
11  in 2005, and she could no longer work due to abdominal pain, stress
12  induced diarrhea, and emotional issues, including panic attacks.
13  (Tr. 57-58, 64.)

14  **ADMINISTRATIVE DECISION**

15  The ALJ found Plaintiff met the insured status requirements for
16  DIB through September 30, 2007. At step one, she found Plaintiff
17  had not engaged in substantial gainful activity since the alleged
18  onset date of September 10, 2007. (Tr. 11.) At step two, she
19  found Plaintiff has severe impairments of major depressive disorder;
20  anxiety disorder; pain disorder; chronic pancreatitis; seizure
21  disorder; reactive airway disease; diabetes mellitus; hypertension;
22  left knee disorder; sinusitis; and right shoulder disorder. (*Id.*)
23  The following impairments found in the record are determined to be
24  non-severe, as defined by the Social Security Act: gastroesophageal
25  reflux disease; migraine headaches; edema of feet and ankles;
26  congestive heart failure; asthma; chronic hidradentitis supporativa;
27  hyperlipidemia and intermittent leukocytosis; ear pain and otitis
28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 4

media; possible attention deficit disorder, insomnia, left arm numbness, and left foot pain. (Tr. 12-14.)   At step three, the ALJ found Plaintiff's impairments, alone and in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 14.)   At step four, the ALJ determined Plaintiff has the residual functional capacity (RFC) to perform medium work, with postural limitations, and needs to "avoid heavy machinery, unprotected heights, and respiratory irritants." (Tr. 16.)   In addition, Plaintiff is restricted to superficial contact with coworkers and a low stress environment, defined as "only occasional changes in the work setting." (*Id.*)

In her step four findings, the ALJ summarized Plaintiff's testimony, made credibility findings, and concluded Plaintiff's subjective complaints regarding the severity of her functional limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 16-19.)   Considering VE testimony and the record, the ALJ concluded Plaintiff could not perform her past work. (Tr. 21.)   Proceeding to step five, the ALJ found there is a significant number of jobs in the national economy Plaintiff can perform, such as credit card clerk, general clerk, and weight tester. (Tr. 22.)   She concluded Plaintiff was not disabled, as defined by the Social Security Act, from September 10, 2007, through the date of her final decision. (*Id.*)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.   Specifically,

Plaintiff argues the primary issue is whether the Commissioner met his burden at step five to show there is a significant number of jobs in the national economy that Plaintiff can perform in spite of physical and mental limitations established by the record. Plaintiff contends the ALJ erred when she rejected limitations assessed by treating and examining medical providers; failed to include in her step four and step five findings limitations identified by the medical expert; and improperly rejected lay witness testimony regarding her limitations. (ECF No. 21.) Defendant responds the ALJ's denial of benefits is supported by substantial evidence and should be affirmed. (ECF No. 31.)

DISCUSSION

**A.    Evaluation of Acceptable Medical Source Opinions at Step Four**

At step four, it is the ALJ's responsibility to consider the entire record, including acceptable medical source and other medical source opinions,[1] observations by non-medical sources, and credible allegations of the claimant, and determine what a claimant can do despite her physical and/or mental limitations. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). The final RFC determination must include all work-related limitations supported by the record and "not depend[ent] on [Plaintiff's] subjective complaints." 20 C.F.R. § 416.94; *Bayliss v Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005);

---

[1] Under the Commissioner's regulations, licensed physicians and psychologists are considered "acceptable medical sources." Other medical sources include mental health therapists, nurse practitioners, and physician's assistants. 20 C.F.R. §§ 404.1513(a),(d), 416.913(a),(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 6

1   *SSR* 96-5p.

2       Plaintiff argues the ALJ (1) failed to incorporate accurately

3   the opinion of examining psychologist Jay Toews, Ed.D., that

4   Plaintiff needed a "low stress job environment," and (2) failed to

5   include unrejected, moderate cognitive and social functioning

6   limitations assessed by Donna Veraldi, Ph.D., and James Bailey,

7   Ph.D. (ECF No. 21 at 20; Tr. 19, 21-22.)

8       In these proceedings, the opinions of a treating acceptable

9   medical source carry more weight than those of an examining medical

10  source, and an examining medical source opinion carries more weight

11  than a non-examining medical source opinion. *Benecke v. Barnhart,*

12  379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821,

13  830 (9th Cir. 1995). If the opinion of a treating or examining

14  medical source is contradicted, it can only be rejected for specific

15  and legitimate reasons that are supported by substantial evidence in

16  the record. *Andrews,* 53 F.3d at 1043. The opinions of non-

17  examining medical sources are not substantial evidence unless they

18  are supported by other unrejected medical evidence in the record.

19  *Andrews,* 53 F.3d at 1041.

20      Here, the record includes medical reports and assessments by

21  Plaintiff's treating physicians; Dr. Toews, Ed.D.; and agency

22  reviewing psychologist Dr. Bailey. In addition, the ALJ relied on

23  the testimony and non-examining opinions of the medical expert, Dr.

24  Veraldi, Ph.D., based on her review and interpretation of the entire

25  record. (Tr. 21.)

26      **1.   Dr. Toews, Examining Psychologist**

27      Plaintiff was referred to Dr. Toews for a consultative

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 7

examination in March 2008. He did not have medical records to review and did not administer objective psychological tests. (Tr. 424-27.) He based his opinions on a mental status exam and observations. As noted by the ALJ, Dr. Toews was not able to assess severity of Plaintiff's symptoms "except by subjective report." [2] (Tr. 20.) Dr. Toews diagnosed an adjustment disorder with anxiety and depression (secondary to her medical problems), and a pain disorder. (Tr. 20, 427.) Based on the mental status exam and limited observation, he opined her "mood or affective problems" would not preclude work, but her medical problems may affect her persistence and she would need a "low stress work environment." (Tr. 427.) The ALJ gave significant weight to Dr. Toews' conclusions that Plaintiff's condition did not preclude work, and her "cognitive abilities, memory, attention, and concentration were intact." (Tr. 20.) Regarding Dr. Toews' recommended "low stress" work environment, the ALJ defined this restriction in the RFC findings, without explanation or reference to supporting evidence, as "only occasional changes in the work setting," at steps four and five. (Tr. 16, 69.) The ALJ did not reject Dr. Toews' opinion that

---

[2] Because Dr. Toews' opinions are based entirely on Plaintiff's self-report, and the ALJ found Plaintiff's subjective complaints are not entirely credible (Tr. 17), Dr. Toews' opinions are arguably unsupported by substantial evidence. On remand, a new psychological evaluation with objective testing and a review of medical records is necessary to assess Plaintiff's credibility and provide objective evidence upon which to base credibility findings and the final psychological RFC. *SSR* 96-8p.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 8

Plaintiff's persistence could be affected by medical problems and attendant pain; therefore, the effects of pain decreased persistence must be addressed in the RFC findings. *SSR* 96-8p (RFC entails consideration of all impairments and resultant limitations that may narrow range of work.)

**2.   Dr. Veraldi and Dr. Bailey, Non-Examining Psychologists**

At the hearing, Dr. Veraldi discussed medical evidence in the record, including agency non-examining RFC evaluations and treatment records from the Farm Workers Clinic and Central Washington Community Mental Health. (Tr. 41-44, 248-423, 428-35, 492-515, 572-626.)   She specifically opined Plaintiff did not meet a Listing, but would have moderate limitations in: (1) her ability to understand and remember detailed instruction "because she is often preoccupied with her symptoms"; (2) her ability to maintain attention and concentration for an extended period of time; (3) the ability to complete a normal work day without interruptions from psychologically based symptoms; and (4) the ability to interact with the public. (Tr. 43-44.)   The ALJ found Dr. Veraldi's opinions were supported by the record and gave them "significant weight."  (Tr. 21.)

Moderate limitations in Plaintiff's sustained concentration and persistence, (ability to work with others without being distracted), social functioning, and adaptation were also assessed by Dr. Bailey, Ph.D., in April 2008.  (Tr. 450-51.)   The ALJ specifically gave Dr. Bailey's findings "significant" weight because they were consistent with other evidence in the record, including Dr. Toews' findings. (Tr. 20.)   Because these unrejected non-examining opinions are

supported by Dr. Toews' opinions, the ALJ is required consider them at steps four and five when Plaintiff's capacity to do basic work tasks is determined.  20 C.F.R. §§ 404.1545, 416.945; Andrews, 53 F.3d at 1041 (non-examining opinions supported by other medical evidence are considered substantial evidence).

**B.   Other Medical Sources**

In addition to acceptable medical sources, the ALJ must consider the opinions of other medical sources, such as nurse practitioners, mental health therapists, and physician's assistants, regarding how a claimant's impairments limit his or her ability to work.  20 C.F.R. § 416.913(d); *Sprague*, 812 F.2d at 1232; *SSR* 06-03p.  Plaintiff argues the ALJ's blanket rejection of marked and severe limitations assessed by her therapists was error.

In his policy ruling, the Commissioner has identified certain factors that should be considered by the adjudicator in evaluating opinions of other medical sources, *e.g.*, the nature and extent of the treatment relationship; whether the evidence is consistent with other evidence; the expertise of the provider and other factors that tend to support or refute the opinion.  *SSR* 06-03p.  Here, the record contains records and evaluations from treating mental health professional Harvey Leavitt, MSW, and various therapists and nurses seen during the period at issue.

The record shows Plaintiff's treating physician, Dr. Louise Ullom, consistently noted Plaintiff's anxiety and depression symptoms and referred her to Mr. Leavitt for mental health treatment.  (Tr.  263-64.)  Mr. Leavitt counseled Plaintiff over the years as part of comprehensive treatment at Farm Workers Clinic and

ultimately referred Plaintiff to Central Washington Comprehensive
Mental Health (CWCMH).   (Tr. 264, 323, 516-21, 572-79.).)   In his
reports, Mr. Leavitt rated areas of Plaintiff's social functioning
as markedly and severely limited.  (Tr. 355, 363, 382, 392.) He also
found, consistent with Drs. Veraldi and Bailey, that Plaintiff had
several moderate limitations in cognitive and social functioning.
(*See* Tr. 355-76.)  CWCMH therapists Suzanne Rodriguez, MSW, MHP, and
Dick Moen, MSW, also noted numerous moderate, marked, and severe
limitations in Plaintiff's cognitive and social functioning in 2008
and 2009 evaluations. (Tr. 517-18, 575.)

The ALJ gave the "marked" and "severe" ratings noted by Mr.
Leavitt and other mental health providers no weight because they
"appeared to have been completed largely based on the claimant's
subjective reports."  (Tr. 19.)   Significantly, she did not reject
moderate limitations assessed.

The blanket rejection of all marked and severe limitations
assessed by Plaintiff's therapists is not sufficiently specific or
reasoned to satisfy the Commissioner's directives under *SSR* 06-03p
or case law.  *See Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir.
2012)(germane reasons as to each other medical source required);
*Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)(opinions regarding
impairment's effect on ability to work may be rejected only with
specific, germane reasons); *Nguyen v. Chater*, 100 F.3d 1462, 1467
(9th Cir. 1996). Because the record shows Mr. Leavitt had an ongoing
treating relationship with Plaintiff, was working with Plaintiff's
treating physician, and other medical evidence in the record is
consistent with his observations, the ALJ's failure to discuss the

*SSR* 06-03p factors and explain why Mr. Leavitt's opinions were completely rejected is prejudicial error. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1111 (examples of germane and specific reasons to discount physician assistant's opinions). Further, the ALJ's failure to explain with specificity the weight given Mr. Leavitt's assessment is legal error that taints the ALJ's RFC determination and step five findings. 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii).

**C.   RFC Determination and Step Five Findings**

At step four, the ALJ makes findings regarding a claimant's ability to perform basic work. The RFC findings are administrative findings that may direct a determination of disability. 20 C.F.R. §§ 404.1546, 416.946; *SSR* 96-5p. Although acceptable medical source opinions are important in the RFC assessment, they are not the only consideration. The ALJ must consider the entire record and include all limitations supported by substantial evidence and a claimant's credible testimony. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(medical opinions alone do not reflect expertise of vocational expert required in disability determination).

At step five, the burden of proof shifts to the Commissioner to show there are jobs in the national economy that Plaintiff can still perform with her RFC. *Kail*, 722 F.2d at 1498. The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss*, 427 F.3d at 1217. Unless the hypothetical is complete, VE testimony is not considered

substantial evidence.    For this reason, failure to include all limitations supported by the record in the RFC findings is cause for reversal.  *Id.*; *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988); *SSR* 96-5p.

Here, the ALJ found Plaintiff was restricted to jobs with superficial contact with coworkers and only occasional changes in the work setting.  (Tr. 16.)    As discussed above, the ALJ did not reject mental limitations assessed by Drs. Toews, Veraldi, Bailey, and Mr. Leavitt.  Because the ALJ failed to include restrictions to accommodate the unrejected moderate limitations in her RFC determination, the RFC findings at step four are not supported by substantial evidence.    Further, at step five, the hypothetical propounded to the VE did not include all unrejected mental limitations; therefore, the VE's opinions that there are jobs Plaintiff can still perform is not substantial evidence upon which the ALJ can rely.  Significantly, when presented with a hypothetical individual with the unrejected limitations identified by Dr. Veraldi, the VE testified that with those limitations in combination, an individual would not be capable of sustaining work. (Tr. 73.)

In addition, the ALJ failed to explain what evidence supports her definition of the "low stress environment" recommended by Dr. Toews as one with "only occasional changes in the work setting." (Tr. 68-69.)    Although it is the ALJ's responsibility to resolve ambiguities in the evidence, *Andrews*, 53 F.3d at 1039, *de novo* review reveals no evidence to reasonably support this narrow definition of "low stress."

Substantial evidence does not support the ALJ's final RFC findings or VE testimony relied upon by the ALJ at step five. Because the Commissioner failed to meet his burden at step five, reversal and remand for additional proceedings are required, including further development of the record with a new psychological evaluation to include a review of the records and objective psychological testing. If necessary, a new hearing will be held and new decision rendered in which the ALJ shall re-evaluate medical and other source opinions. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 20)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g) and as directed above.

2. Defendant's Motion for Summary Judgment **(ECF No. 30)** is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED**.

DATED September 18, 2012.

_____S/ JAMES P. HUTTON_____
UNITED STATES MAGISTRATE JUDGE